COBB, J.
Ramirez was convicted after jury trial of one count of first degree murder, one count of attempted second degree murder, two counts of armed kidnapping, and two counts of armed robbery. The primary issue on appeal is the admissibility at trial of the testimony of one Luis Abrams, who had been Ramirez’s cell mate while the latter awaited trial. Ramirez apparently confessed to Abrams the events surrounding the pending charges against him.
On appeal, Ramirez asserts that Abrams was in fact a governmental agent as shown *255 by his trial testimony. That testimony by Abrams revealed that while he was in a Seminole County jail cell awaiting sentencing in federal court, he contacted law enforcement officials and provided them with a statement to the effect that Ramirez had confessed to him the robbings, kidnappings, killing and attempted killing with which he was charged. In his earlier plea Abrams agreed to provide prosecutors with substantial assistance in their investigations, although nothing was said about Ramirez. As a result of subsequent information provided to the state prosecutors by Abrams about Ramirez, the federal government filed a motion requesting that the court recognize that Abrams had rendered substantial assistance in accordance with the terms of his plea agreement.
Ramirez relies upon the case of Voltaire v. State, 697 So.2d 1002 (Fla. 4th DCA), rev. granted, 703 So.2d 477 (Fla.1997), for the proposition that placing a government agent (in that case an undercover police officer) in an inmate’s cell to listen for incriminating statements is violative of due process. In Voltaire the Fourth District quoted from the United States Supreme Court case of Miller v. Fenton, 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985):
The deliberate use of deception and manipulation by the police appears to be incompatible “with a system that presumes innocence and assures that a conviction will not be secured by inquisitorial means,”... and raises serious concerns that respondent’s will was overborne.
Ramirez also relies upon the opinion in Malone v. State, 390 So.2d 338 (Fla.1980), cert. denied, 450 U.S. 1034, 101 S.Ct. 1749, 68 L.Ed.2d 231 (1981), wherein a cell mate of the accused was instructed by a case detective to assist in finding the body of the murder victim. The accused, Malone, did inform the cell mate of the location of the body, thereby incriminating himself. The Florida Supreme Court determined that the cell mate was indeed a state agent and, therefore, any statements made to him by Malone were subject to suppression. The same result was reached by the United States Supreme Court in United States v. Henry, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980), a result based on the defendant’s Sixth Amendment right to counsel. The Court in Henry explained that suppression is warranted not only in cases wherein the cell mate informer actively questions the accused but also in cases where the informer simply remains a passive listener.
In response to this argument the state simply points out that the record in the instant case shows that Abrams was not an agent of law enforcement at the time he overheard the confession, which was not the situation in all of the cases cited by Ramirez. The state notes that Abrams was in the Seminole County jail after having already entered a guilty plea to federal charges.[1] There was no evidence that Abrams was promised anything to obtain evidence against Ramirez or that he had been instructed by anyone to obtain such evidence in either an active or passive manner. This distinguishes the instant case from Voltaire and the other cases relied upon by Ramirez. The most analogous case, says the state, is Rolling v. State, 695 So.2d 278 (Fla.1997), cert. denied, — U.S. —, 118 S.Ct. 448, 139 L.Ed.2d 383 (1997), wherein, as here, the incriminating statements of an inmate reported by a cell mate were in no way a product of any stratagem employed by the state.
We agree with the state that the controlling case in regard to this issue is Rolling. Moreover, we find no merit in the other arguments raised on appeal by Ramirez.
AFFIRMED.
GRIFFIN, C.J., and HARRIS, J., concur.

. Apparently the county jail serves as a holding facility in this area.